393 A.2d 302

**Ella Mae LEHNIG, Executrix of the Estate of Alfred H. Lehnig, Deceased, and Glasgow, Inc., Appellants,**

**v.**

**Howard FELTON, C. E. Karns, Jr., Albert Santucci, Van Harris, Peter Sweady, Bruno Spotti, and Paul Martin.**

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1978.

Decided Oct. 5, 1978.

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1978).

William D. Phillips, Washington, John F. Ploeger, Truel & Ploeger, Pittsburgh, for appellants.

Richard J. Mills, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants, Ella Mae Lehnig, administratrix of the estate of Alfred H. Lehnig, and Glasgow, Inc., decedent's employer, brought an action in trespass against appellees, seven employees of the Pennsylvania Department of Transportation. Decedent, a truckdriver, was killed and his employer's truck destroyed when the truck struck a deteriorated portion of a public highway. Decedent lost control of the truck and it plunged through a guardrail and down an embankment. Appellants allege that the road had been dangerously deteriorated for a substantial period of time, that inspection would have revealed the fact, and that the accident was caused by appellees' negligent failure to inspect and repair the road, or to warn the public of its dangerous condition.

The Court of Common Pleas of Washington County dismissed the complaint on the ground that appellees, as public employees, are immune from liability for ordinary negligence in the performance of their official functions. The Superior Court affirmed and we granted allocatur.*

In *DuBree v. Commonwealth of Pennsylvania*, 481 Pa. 540, 393 A.2d 293 (1978), this Court concluded that the liability of officials of the Pennsylvania Department of Transportation "should not have been analyzed solely on the basis of their status as employees of the Commonwealth."

* We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp. 1978).

481 Pa. at 544, 393 A.2d at 294. Rather, "an examination is required of whether the considerations underlying 'official immunity' are effectively advanced." Id. Accordingly, in *DuBree*, this Court stated: "Where, but for the defendant's status, a right of action would lie under analogous rules of law, and no public policy would be promoted in shielding a defendant from liability, and the plaintiff has not failed to pursue existing remedies, denial of the possibility of recovery is unjustified." Id., 481 Pa. at 546, 393 A.2d at 296. We vacate the order of the Superior Court and remand to the Court of Common Pleas of Washington County for consideration in light of all the principles enunciated in *DuBree*.

Order of the Superior Court vacated and case remanded for proceedings consistent with this opinion.

EAGEN, C. J., dissents.

NIX, J., filed a dissenting opinion.

NIX, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978), (Nix, J., dissenting).